**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BITON,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA and UNITED CONTINENTAL AIRLINES,** <br><br> **Defendants.** | Civ. No. 17-1764 (KM) (MAH) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Before this Court is the motion (DE 63) of defendant United Continental Airlines ("United") to dismiss the Second Amended Complaint (DE 58) of the *pro se* plaintiff, Biton ("Ms. Biton") pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, 12(b)(6). Also before this Court is the motion (DE 61) of Ms. Biton for appointment of pro bono counsel. For the reasons stated below, I will **GRANT** the motion to dismiss and **DENY** the motion for appointment of pro bono counsel.

### I.   Background

I assume familiarity, and briefly survey the procedural history and background of the motions before me. All factual allegations in the Second Amended Complaint are considered true for the purposes of this motion to dismiss.

On March 15, 2017, Ms. Biton filed a complaint in this Court. (DE 1). On June 26, 2017, United filed a motion for a more definitive statement under Fed. R. Civ. P. 12(3). (DE 19).

1

On April 17, 2017, Ms. Biton filed a motion to appoint pro bono counsel. (DE 11).

On August 29, 2017, Magistrate Judge Hammer granted the motion for a more definite statement, and further ordered Ms. Biton to file an amended complaint on or before September 29, 2017. (DE 30). On that same day, Magistrate Judge Hammer filed an order denying Ms. Biton's motion for appointment of pro bono counsel. (DE 29).

On September 21, 2017, Ms. Biton filed the amended complaint. (DE 39). On October 11, 2017, United filed a motion to dismiss based on (i) the Court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and (ii) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (DE 41). Ms. Biton filed an opposition on October 23, 2017. (DE 42). I granted the motion to dismiss pursuant to Rule 12(b)(6) and dismissed the amended complaint without prejudice. (DE 57).

On May 11, 2018, Ms. Biton filed the letter now before this Court moving for appointment of pro bono counsel. (DE 61).

On May 14, 2018, Ms. Biton filed the second amended complaint, which is the subject of the motion to dismiss now before the Court. (DE 58). On June 4, 2018, United filed a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for failure to state a claim pursuant to 12(b)(6). Ms. Biton filed an a "motion for objection," which I have treated as her opposition to United's motion. (DE 68). Ms. Biton has also filed numerous surreplies, which are not authorized, but which I have nevertheless considered in light of her *pro se* status. (DE 65, 66, 67, 70, 73, 74, 75, 76).

* * *

Ms. Biton lists the causes of action against the United States of America and United Continental Airlines as follows:

> [O]n behalf of my people who are victims of very serious crimes, victims of very serious police misconduct, false charges, victims of very serious false arrests, illegal confinement, illegal restitution (Dr. Beraka v-Biton), penalties, sanctions, sentencing that never till today was there proper due process; we never accepted any plea deal

nor accepted what the United States of America Federal, state, local municipal as well. United Airlines k.n.a United Continental Airlines has done without just cause in bad faith violating our constitution Bill of Rights 1-14. There is not waiver of Constitution rights. Contest. We reserve our rights for trial with jury and to have an attorney without conflicts of interests, and whatever else the Court deems just and proper.

(DE 58).

## II. Analysis

### A. Appointment of pro bono counsel

First, I consider Ms. Biton's motion for appointment of pro bono counsel.

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of pro bono counsel is appropriate. *Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, on motion or *sua sponte* by the Court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156). However, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

For the reasons discussed below, Ms. Biton's Second Amended Complaint does not state a cognizable claim and is patently frivolous. Thus, I deny her motion for appointment of pro bono counsel.

### B. Motion to dismiss second amended complaint

Second, I consider United's motion to dismiss the second amended complaint for failure to state a claim.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462,

3

469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Here, because of Ms. Biton's *pro se* status the Court has construed the Second Amended Complaint liberally in her favor. I nevertheless cannot extract

4

from it any facts that would support a recognized cause of action. I have also reviewed Ms. Biton's opposition to dismissal and her numerous unapproved surreplies, but nothing in those filings suggests that a federal cause of action is present.

The question remains as to whether this dismissal should be with or without prejudice. The Third Circuit has liberally permitted pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Indeed, where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (emphasis added). *Accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

Ms. Biton filed an original complaint that was largely incomprehensible, and the court granted a motion for a more definite statement. She filed an amended complaint, which the court dismissed for failure to state a claim. She then filed a second amended complaint, which, even supplemented by other filings, fared no better. I conclude that further amendment would be futile.[1]

### III. Conclusion

For the reasons set forth above, the motion (DE 67) of Ms. Biton for appointment of pro bono counsel is DENIED. Further, the motion (DE 58) of United to dismiss the Second Amended Complaint (DE 58) is GRANTED, and the Second Amended Complaint is hereby dismissed WITH PREJUDICE. An appropriate order follows.

Dated: February 28, 2019

Kevin McNulty
United States District Judge

---

[1] Because the complaint so clearly fails to state a claim, I dismiss it without considering arguments based on subject matter jurisdiction.

5