# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BITON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Civ. No. 17-1764 (KM) (MAH)<br><br>**MEMORANDUM OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the letter application (DE 85) of Ms. Biton regarding my February 28, 2019 decision (DE 83) dismissing her second amended complaint.

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available

1

at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Here, Ms. Biton does not raise an argument that was not or could not have been asserted previously. Her letter makes three points that she asserts she "tried in good faith to present to Courts of law" (DE 85 p. 1)

1) Ms. Biton's first point is "the ball game of competent vs. the ball game of incompetent." (*Id.*). My prior opinion did not address the issue of competency, and neither did Ms. Biton's second amended complaint. A motion for reconsideration is not an appropriate forum for new claims.

2) Ms. Biton's second point is "the ball game of having representation vs. the ball game of no representation." (DE 85 p.1). My opinion did deny Ms. Biton's request for appointment of pro bono counsel. (DE 83 p. 3) As I explained, Ms. Biton's second amended complaint does not state a cognizable claim and is patently frivolous. (DE 83 p. 3). Considering that civil litigants do not have a right to appointed counsel, *see Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997), and that courts should not burden volunteer counsel with frivolous cases, *see Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d. Cir. 2002), I find no reason to grant reconsideration.

3) Ms. Biton's third point is "the ball game of Honorable Judges hearing from the <u>victims</u> (may family unit & I) vs. the ball game of Honorable Judges hearing from attorneys who intentionally deprived innocent victims' human rights." (DE 85 p.1). Here, it appears that Ms. Biton objects to my having decided the motion on the papers, without a hearing. No oral argument or hearing was necessary because Ms.

2

Biton's papers presented no legal issue as to which oral argument would be helpful. *See* Fed. R. Civ. P. 78; D.N.J. Local Civ. R. 78.1.

**ORDER**

Accordingly, IT IS this 27th day of March, 2019

ORDERED that the plaintiff's motion and objection (DE 85) are **DENIED.**

**KEVIN MCNULTY**
**United States District Judge**